UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RONALD RESKO,

                Plaintiff,

-against-

THE CITY OF NEW YORK and
THE NEW YORK CITY POLICE DEPARTMENT,

                Defendants.
-----------------------------------------------------------------X

**PLAINTIFF DEMANDS A TRIAL BY JURY**
**COMPLAINT**

      The Plaintiff, above named, as and for his Complaint against the Defendants, by his attorneys, THE LAW OFFICES OF CLIFFORD J. STERN, LLC, upon information and belief, respectfully alleges:

## JURISDICTION

      1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. The provisions of Section 33 of the Merchant Marine Act of 1920, 46 U.S.C. §688, commonly known as the Jones Act, 33 U.S.C. §901 et. sec., commonly known as the Longshore & Harbor Worker's Compensation Act and all the statutes amendatory and supplemental thereto are applicable in this section.

      2.     The Plaintiff is a citizen of the State of New York.

      3.     The Defendant THE CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation with offices within the State of New York and City of New York and incorporated under the laws of the State of New York, having their principal place of business in the State of New York.

4. The Defendant THE NEW YORK CITY POLICE DEPARTMENT (hereinafter, "NYPD") was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

5. The matter in controversy exceeds, exclusive of interests and costs, the sum of $150,000.00

## AS AND FOR A FIRST CAUSE OF ACTION

6. That at all times hereinafter mentioned, the Defendant CITY was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and doing business in the State of New York.

7. The Defendant NYPD was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

8. That upon information and belief, at all times hereinafter mentioned, the Defendants owned and operated certain property known as the Harbor Dock at Charlie Base (hereinafter "the floating dock"), which was used by the NYPD Counterterrorism Maritime Unit as the means of accessing and egressing vessels within their fleet.

9. That at all times hereinafter mentioned, Plaintiff, RONALD RESKO, was a Detective employed by the NYPD Counterterrorism Maritime Unit and crew member of a TRACS vessel who was transporting equipment needed for Radiation testing on the Counterterrorism boat he was assigned to when he was caused to slip and fall.

10. At the time of the subject accident, the Plaintiff, as an assigned crew member of the TRACS vessel, was walking upon the floating dock to board his boat.

11. Sometime before the subject accident the floating dock Plaintiff was using had been negligently repaired, inspected and maintained by the Defendants, their agents, servants and/or employees, by using a temporary unsecured raw plywood ramp which was made even more slippery by the presence of snow and slush upon it.

12. When the Plaintiff, in the course of his service to the vessel, was attempting to deliver the aforementioned equipment to his boat, strong wave action caused the floating dock to move up and down thus shifting the temporary plywood ramp underneath Plaintiff causing him to lose his footing on the slick plywood ramp causing Plaintiff to fall.

13. That at all times hereinafter mentioned, the Plaintiff was in the course of his employment with the Defendants in his capacity as a member of the crew of the TRACS vessel (hereinafter "the vessel") which was moored at the floating dock.

14. That at all times hereinafter mentioned, the Defendants owned, managed, operated, maintained, controlled, inspected and repaired the aforesaid floating dock and vessel.

15. That at all times hereinafter mentioned, the Defendants had possession of the aforesaid dock and vessel, its gear and equipment and were responsible for its proper maintenance, inspection and repair.

16. That at all times hereinafter mentioned, the Defendants employed the master, officers, seamen and other crew members comprising the crew of the aforesaid vessel.

17. That at all times hereinafter mentioned, the Defendants provided the masters, officers, seamen, and other crew members comprising the crew of the aforesaid vessel.

18. That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation to furnish and provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools and equipment, and a competent crew.

19. That at all times hereinafter mentioned, the Plaintiff was upon the floating dock while in the service of his vessel.

20. That on or about March 8, 2013, while in the course of his employment with the Defendant NYPD aboard the floating dock while in service of the aforesaid vessel, owned and operated by Defendants, Plaintiff sustained serious injuries when he was caused to fall while traversing the raw plywood ramp covered with snow and slush which was laying unsecured upon the floating dock.

21. The plywood used to repair the floating dock was slippery and unsecured which constituted a dangerous condition, without the assistance of a competent crew, without any fault on his part and wholly and solely by reason of the negligence, recklessness and carelessness of the Defendants their agents, servants and/or employees, and by reason of their failure to provide Plaintiff with

a safe place in which to work, safe conditions in which to work, safe tools and equipment, and a competent master, officers and seamen.

22. That the Defendants breached their duty to the Plaintiff RONALD RESKO, under 46 U.S.C. §688, otherwise known as the Jones Act.

23. As a result of the aforesaid, the Plaintiff RONALD RESKO, was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has been caused to undergo medical care and attention all to his damage in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)**.

### AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "23" inclusive with the same force and effect as if hereinafter set forth at length.

25. That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation pursuant to 33 USC§905(b) to furnish and provide Plaintiff with a seaworthy vessel with safe ingress and egress, proper and sufficient tools, appliances, and a safe and competent master, officers and seamen.

26. That at all times hereinafter mentioned, the floating dock was the means of ingress and egress to the vessel.

27. That on or about March 8, 2013, Plaintiff sustained serious injuries when he was caused to fall while traversing an unsecured and slippery piece of raw plywood negligently used to repair the aforesaid floating dock, which was made even more hazardous by the presence of snow and slush, without the assistance of a competent crew, without any fault on his part and wholly and solely by reason of the negligence, recklessness and carelessness of the Defendants their agents, servants and/or employees, and by reason of their failure to provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools and equipment, and a competent master, officers and seamen.

28. As a result of the aforesaid, the Plaintiff RONALD RESKO was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to under medical care attention all to his damage in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)**.

## AS AND FOR A THIRD CAUSE OF ACTION

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained herein above in paragraphs "1" through "28" inclusive with the same force and effect as if hereinafter set forth at length.

30. That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation pursuant to 33 USC §901 et seq, commonly known as the Longshore and Harbor Worker's Compensation Act, to furnish and provide Plaintiff with a seaworthy vessel with a competent crew, with safe ingress and egress, proper and sufficient tools and appliances and a safe and competent master, officers and seamen.

31. That on or about March 8, 2013, while in the course of his employment with the Defendant NYPD aboard the dock while in service of the aforesaid vessel, owned and operated by Defendants, Plaintiff, while in the services of his vessel, sustained serious injuries when he was caused to fall while traversing a raw unsecured plywood ramp.

32. Prior to the accident the Defendants negligently repaired and maintained the floating dock by using unsafe materials such as raw unsecured plywood which made it even more slippery and dangerous because the plywood was covered with snow and slush which contributed to the Plaintiff's accident, without any fault on Plaintiff's part and wholly and solely by reason of the negligence, recklessness and carelessness of the Defendants their agents, servants and/or employees, and by reason of their failure to provide Plaintiff with a safe place in which to work, without the assistance of a competent crew, safe conditions in which to work, safe tools and equipment, and a competent master, officers and seamen.

33. As a result of the aforesaid, the Plaintiff, was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal

and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to undergo medical care attention all to his damage in the sum of **FIVE MILLION ($5,000,000.00) DOLLARS**.

### AS AND FOR A FOURTH CAUSE OF ACTION

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained herein above in paragraphs "1" through "33" inclusive with the same force and effect as if hereinafter set forth at length.

35. Plaintiff RONALD RESKO is entitled to maintenance, cure and medical expenses for the period that he was and will be disabled and unable to work in the sum of **ONE MILLION DOLLARS ($1,000,000.00)**.

**WHEREFORE,** Plaintiff RONALD RESKO, demands judgment against the Defendant, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)** on the First Cause of Action; in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)** on the Second Cause of Action; and in the sum of **FIVE MILLION DOLLARS ($5,000,000.00)** on the Third Cause of Action, and in the sum of **ONE MILLION DOLLARS ($1,000,000)** on the Fourth Cause of Action, together with costs and disbursements of this action.

Dated:   New York, New York
         December 15, 2015

Yours, etc.
**THE LAW OFFICES OF
CLIFFORD J. STERN, LLC**

By: _____
CLIFFORD J. STERN (4805)
*Attorneys for Plaintiff*
2 Park Avenue, 19th Floor
New York, NY 10016
(212) 813-1515

To:

**THE CITY OF NEW YORK**
One Center Street
New York, NY 10007

**THE CITY OF NEW YORK POLICE DEPARTMENT**
One Center Street
New York, NY 10007